## John Smith v. The State.

### No. 2599.    Decided October 22, 1902.

**1.—Withdrawal or Exclusion of Testimony Illegally Admitted.**
Where admitted testimony was excluded by the court from consideration of the jury before argument was begun, and the jury further instructed not to consider it at all in arriving at their verdict, this ordinarily eliminates objection to its admission and renders the same harmless.

**2.—Evidence—Declarations of Others in Presence of Defendant.**
Declarations going to show motive may be proved against defendant where they are made by him, or made in his presence or hearing, and receive either his active or tacit consent.

**3.—Same—Investigation as to Other Parties.**
Investigation as to other parties than defendant, who is on trial, should not be permitted in cases, either positive or circumstantial, unless the inculpatory facts are such as are approximately connected with the transaction. The proof must, in order to be admissible, proximately and pertinently connect such third party with the offense at the time of its commission.

Appeal from the District Court of Hood. Tried below before Hon. W. J. Oxford.

Appeal from a conviction of cutting a wire fence; penalty, imprisonment in the penitentiary one year.

The facts are sufficiently manifested by the opinion.

*H. D. Payne, C. B. Reeder,* and *John J. Hiner,* for appellant, filed an able and elaborate brief.

. . *Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted for destroying a wire fence, and his punishment assessed at confinement in the penitentiary for a term of one year.

The indictment is in the usual form, and follows approved forms.

Bill number 1 complains that the court erred in permitting the prosecuting witness, Joe Eaton, to testify that upon a certain trip, while returning from Granbury, on March 28, 1901, at the place where the fence in controversy was cut, witness came in contact with a wire stretched across the road, which jerked him backwards out of the wagon in which he was riding, and tore his clothng. Appellant objected to said testimony (1) because it was not shown that defendant had any connection whatever with stretching of the said wire across the road; (2) because irrelevant, and does not prove nor tend to prove any issue in the case; (3) because highly prejudicial to the rights of defendant. The trial court appends to the bill the following statement: That this testimony was excluded before the beginning of the argument from the consideration of the jury, and they were instructed not to consider it at all in arriving at their verdict. This eliminates the objections of appellant to the testimony, and we think renders harmless the ruling of the court in admitting the testimony.

The second bill objects to the prosecuting witness, Eaton, testifying to the following conversation: "That appellant and his brother Jim Smith came to his house, and appellant's brother addressed me, making the following statement, 'I see you are going to fence your land.' Witness replied, 'Yes, I am;' to which Jim Smith then replied, 'That is all right; I would do so if I were you.' Jim Smith further added, 'You are going to leave us a gate there, ain't you?' Witness replied, 'No.' And then he said, 'If you don't leave a gate there, your fence is liable to be cut down.'" The preceding portions of the bill disclose that the building of the fence was an inconvenience, and lengthened the road appellant and his brother Jim Smith would travel to the town of Granbury, and that appellant was present at the time of this conversation between appellant's brother and prosecuting witness, Eaton. With these statements we think the testimony is clearly admissible to show a motive on the part of appellant for cutting the fence. Declarations going to show motive may be proved against appellant, where he makes such declarations, or where the declaration is made in his presence and hearing, and receives either his active or tacit consent. Clearly, if appellant had made the declarations himself there would be no controversy about the admissibility of the testimony. Then the fact of his being present with his brother, equally interested in the nonbuilding of the fence, coupled with the fact that he stood by when the declaration was made that some one would cut it if prosecuting witness "did not leave us a gate," was a strong circumstance indicating that appellant approved the statement made by his brother, and, in effect, was tantamount to his making it himself. The fact that he did not make the

statement himself under such circumstances would merely go to the weight and probative force of the testimony, and not to its admissibility.

Bill number 3 complains, in substance, of the same matter raised in the first bill of exceptions. The trial court excluded the testimony, which we think renders the error harmless.

By the fourth bill appellant complains that the court erred in refusing to permit appellant to prove by the witness Knox Deering that there existed between Joe Eaton, prosecuting witness, and one A. J. Cline, who resided near the said Joe Eaton, bad and bitter hatred and enmity, and that said Cline at the time of the cutting of the fence was mad with said Eaton. It having been first shown by said witness that Cline was the owner and possessor of a small pair of wire pincers, and that this witness had used the pincers of Cline in the manner in which they cut wire, which was similar to the manner that Eaton's fence was cut. State's counsel objected to this testimony, because irrelevant, and the court sustained the objection, and excluded the testimony. The court appends the following explanation to the bill: "That there was no evidence offered that tended to show that Cline made a track similar in size, shape, or otherwise, or like in any respect to the tracks found at the fence, and no evidence that remotely tended to connect Cline with the crime, except that he was the owner of wire pincers." With the explanation of the trial judge, this testimony was clearly inadmissible. The rule, as we understand it in reference to matters of this character, is as follows: "Investigation with reference to other parties than the accused should not be permitted in cases either positive or circumstantial, unless the inculpatory facts are such as are approximately connected with the transaction. In other words, to show remote acts or threats would not be admissible, unless there were other facts also in proof proximately and pertinently connecting such third party with the homicide at the time of its commission." Kunde v. State, 22 Texas Crim. App., 65. The evidence in this case merely showing that Cline had an enmity towards prosecuting witness, and owned a pair of pincers, would not be sufficient predicate for the introduction of the testimony offered by appellant.

The charge of the court is not complained of, the evidence supports the verdict, and, no error appearing in the record, the judgment is in all things affirmed.

*Affirmed.*